IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY OWENS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) No. 4:25-CV-00199-DGK |
| SAM'S EAST, INC, and ALFF CONSTRUCTION, LLC, | ) ) ) |
|     Defendants. | ) |

### ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING AS MOOT MOTION TO AMEND THE SCHEDULING ORDER

This is a slip and fall case. Plaintiff Gary Owens alleges he slipped at a Sam's Club gas station on icy pavement that was negligently maintained. Plaintiff originally filed his complaint against Defendants Sam's East, Inc. ("Sam's East"), and Alff Construction, LLC ("Alff").

Now before the Court are Plaintiff's (1) motion for leave to amend his complaint, ECF No. 39; and (2) motion to amend the scheduling order, ECF No. 42. Neither Defendant opposes Plaintiff's motions. For the reasons stated below, Plaintiff's motion to amend the complaint is GRANTED and his motion to amend the scheduling order is DENIED AS MOOT.

### Background

On November 5, 2024, Plaintiff filed this negligence action against Sam's East and Alff in the Circuit Court of Jackson County, Missouri. Alff was served with the complaint on February 21, 2025, and Sam's East was served on February 25, 2025. Plaintiff is a citizen of Missouri, Sam's East is a citizen of Arkansas, and Alff is a citizen of Nebraska. Defendants timely removed the case to this Court under 28 U.S.C. § 1332 on March 21, 2025. This Court entered a scheduling

order on May 5, 2025, setting June 30, 2025, as the deadline to file motions to amend pleadings and add parties.  ECF No. 18 at 1.  Plaintiff filed the present motion on August 6, 2025.

When Plaintiff initiated this suit, he believed only Sam's East and Alff were legally responsible for the maintenance of the pavement at the Sam's Club gas station and thus named them as Defendants.  ECF No. 1-1.  After removal to this Court, and in the course of further investigation into who was responsible for snow and ice removal at the Sam's Club gas station, Plaintiff learned that CPM Comprehensive Property Maintenance LLC ("CPM") is potentially liable for the alleged failure to adequately remove ice on the day Plaintiff was allegedly injured.  ECF No. 40 at ¶¶ 6, 13.  Plaintiff then filed the present motion to add CPM as a Defendant, acknowledging in the motion that CPM would defeat diversity but arguing that CPM is a necessary and indispensable party under Fed. R. Civ. P. 19 and therefore must be joined.  *Id.* at ¶ 14.

**Standard**

"A schedule may be modified only for good cause . . . ."  Fed. R. Civ. P. 16(b)(4).  "The court should freely give leave [to amend pleadings] when justice so requires."  Fed R. Civ. P. 15(a)(2).  But when the amendment will destroy diversity jurisdiction, the Court must "consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed."  *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (cleaned up).

**Discussion**

While the joinder of CPM would defeat federal jurisdiction, there is no indication that Plaintiff seeks joinder simply to that end.  Indeed, neither one of the current Defendants objects.  Further, Plaintiff promptly sought leave to amend once he discovered CPM's potential liability.

Finally, if CPM was "directly responsible for snow and ice removal at the Sam's Club gas station," ECF No. 40 at ¶ 13, failure to join CPM could significantly injure Plaintiff in his ability to make his case.

Therefore, for good cause shown and as justice requires, Plaintiff's Motion to Amend the Complaint (ECF No. 39) is GRANTED. Upon filing of the amended complaint, the Court will remand the case to the Circuit Court of Jackson County, Missouri, pursuant to 28 U.S.C. § 1447(e). Because the Court will be remanding this case, Plaintiff's Motion to Amend the Scheduling Order (ECF No. 42) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  October 7, 2025  /s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT